RAYMOND NARDO, P.C.
129 Third St
Mineola, NY 11501
(516) 248-2121
Nardo@Raynardo.com
*Counsel for Plaintiff*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| Edith Jaco Perez,<br><br>                              Plaintiff,<br><br>— against —<br><br>Tradition Choice, LLC, Nina Truglio, Joseph Anza,<br><br>                              Defendants. | **COMPLAINT**<br><br>24-CV-7825 |
|---|---|

Plaintiff, Edith Jaco Perez, ("Plaintiff"), by counsel, RAYMOND NARDO, P.C., upon personal knowledge, complaining of defendants, Tradition Choice, LLC, Nina Truglio, Joseph Anza, jointly and severally (collectively referred herein as "Defendants") allege:

## NATURE OF THE ACTION

1. This action seeks all available relief including to recover unpaid overtime and other monies pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), and the New York Labor Law ("NYLL") on behalf of Plaintiff.

2. Defendants deprived Plaintiff of the protections of the FLSA and NYLL by failing to pay her hourly wage and premium overtime pay for all hours worked in excess of 40 hours per week.

## JURISDICTION

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4. This Court also has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

5. Jurisdiction is proper based on a federal question and civil rights under 28 U.S.C. §§ 1331 and 1343(a)(4).

6. This court may exercise supplemental jursidction under 28 U.S.C. § 1367.

7. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## VENUE

8. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. §1391 because the Defendants are located there, Plaintiff is located there, and the cause of action arose there.

## THE PARTIES

**Plaintiff**

9. Plaintiff is an individual residing in Freeport, New York.

10. Plaintiff was an employee of Defendants covered by the FLSA and NYLL from on or about July 2024 through September 2024.

11. Plaintiff is not exempt or excluded from coverage under the FLSA.

12. Defendants employed Plaintiff as a home health aide.

13. Plaintiff did not live with Defendants.

14. Plaintiff's duties include, but were not limited to, household work as follows: cooking, cleaning, feeding Defendants, doing their laundry, and driving Defendants to doctor's appointments.

15. Defendants employed Plaintiff for varying hours each day, and often for more than 40 hours per week.

16. Plaintiff recorded her time on timesheets and forwarded these timesheets to Defendants.

17. Defendants paid Plaintiff $20.22 per hour, but did not pay Plaintiff for all hours worked, and Defendants did not pay Plaintiff premium overtime pay for hours worked in excess of 40 hours per week.

**Defendants**

18. Defendant Tradition Choice LLC is a New York corporation. The principal executive office is located at 142 22nd Street, Brooklyn, NY 11232.

19. Defendant Tradition Choice LLC is an "enterprise engaged in interstate commerce" within the meaning of the FLSA. Defendant has: (1) employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for

commerce by any person, including uniforms, badges, computers, cellphones, and software; and (2) an annual gross volume of sales in excess of $500,000.

20. Tradition Choice LLC is a covered employer within the meaning of the FLSA and the NYLL and, at all times relevant, employed plaintiff.

21. At all relevant times, Tradition Choice LLC has maintained control, oversight, and direction over plaintiff.

22. Defendants Joseph Anza and Nancy Truglio reside 447 Remsens Lane, Oyster Bay, NY 11771.

23. At all relevant times, defendant JOSEPH ANZA has maintained control, oversight, and direction over Plaintiff. He established Plaintiff's rate of pay, and had the authority to discipline and terminate Plaintiff.

24. Defendant JOSEPH ANZA actually hired and terminated Plaintiff and set her rate of pay.

25. At all relevant times, defendant JOSEPH ANZA has maintained control, oversight, and direction over Plaintiff.  She had the authority to direct Plaintiff's work, set Plaintiff's rate of pay, terminate Plaintiff.

26. Defendant NANCY TRUGLIO directed Plaintiff and assigned work to her.

27. At all relevant times, defendant NANCY TRUGLIO has maintained control, oversight, and direction over Plaintiff. He established Plaintiff's rate of pay, and had the authority to discipline and terminate Plaintiff.

28. Defendant NANCY TRUGLIO actually hired and terminated Plaintiff and set her rate of pay.

29. At all relevant times, defendant NANCY TRUGLIO has maintained control, oversight, and direction over Plaintiff. She had the authority to direct Plaintiff's work, set Plaintiff's rate of pay, terminate Plaintiff.

30. Defendant NANCY TRUGLIO directed Plaintiff and assigned work to her.

## DEFENDANTS' FAILURE TO PAY WAGES

31. Defendants suffered or permitted Plaintiff to work without paying Plaintiff a wage for all hours worked.

32. Defendants suffered or permitted Plaintiff to work more than 40 hours per week without paying Plaintiff premium overtime pay at the rate of time and one-half for hours worked in excess of 40 hours per week.

## DEFENDANTS' VIOLATIONS OF THE
## NEW YORK WAGE THEFT PREVENTION ACT

33. The New York Wage Theft Prevention Act ("WTPA") requires employers to provide all employees with a written notice of wage rates within ten days of the time of hire and when the wage rate is increased.

34. Defendants failed to furnish Plaintiff with wage notices as required by § 195(1) of the NYLL.

35. The WTPA requires employers to provide all employees with an accurate statement accompanying every payment of wages, which lists the name and phone

number of the employer, regular rate of pay, overtime rate of pay, regular hours worked, overtime hours worked, gross wages, net wages, and additional information.

36. Defendants also failed to furnish Plaintiff with accurate statements of wages, as required by § 195(3) of the NYLL.

**FIRST CAUSE OF ACTION**
**(FLSA – OVERTIME)**

37. Plaintiff realleges, and incorporates by reference, all previous allegations as though fully set forth herein

38. At all times relevant, Plaintiff was an "employee" within the meaning of 29 U.S.C. §§ 201 *et seq.*

39. As a domestic employee, Plaintiff is covered under the FLSA. 29 U.S.C. §§ 201 *et seq.*

40. The FLSA requires that employees receive overftime pay for all hours worked in excess of 40 hours per week.

41. Plaintiff was not exempt from the FLSA requirement to pay overtime.

42. Defendants' unlawful conduct, as described in this Complaint, has been willful and intentional. Defendants were aware or should have been aware that the practices described in this Complaint were unlawful.

43. Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff.

44. Because Defendants' violations of the FLSA have been willful, a three-year

statute of limitations applies, pursuant to 29 U.S.C. §§ 201 *et seq.*

45. As a result of Defendants' willful violations of the FLSA, Plaintiff has suffered damages by being denied overtime pay in accordance with the FLSA in amounts to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. §§ 201 *et seq.*

## SECOND CAUSE OF ACTION
### (NYLL – UNPAID OVERTIME WAGES)

46. Plaintiff realleges, and incorporates by reference, all previous allegations as though fully set forth herein.

47. Defendants are "employers" within the meaning of the NYLL §§ 190, 651(5), 652, and supporting New York State Department of Labor Regulations, and defendants therefore employed Plaintiff.

48. Defendants have engaged in a widespread pattern, policy, and practice of violating the NYLL, as detailed in this Complaint.

49. The NYLL requires that employees receive overtime premium compensation not less than one and one-half times the employee's regular pay rate for hours worked over 40 per week.

50. Defendants have failed to pay Plaintiff premium overtime pay to which Plaintiff is entitled under the NYLL and the supporting New York State Department of Labor Regulations.

51. Through their knowing or intentional failure to pay overtime wages to

Plaintiff, Defendants have willfully violated the NYLL, Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

52. Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover from Defendants unpaid minimum wages and liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, and prejudgment and post-judgment interest.

### THIRD CAUSE OF ACTION
### (NYLL – Failure to Provide Wage Notices)

53. Plaintiff realleges, and incorporates by reference, all previous allegations as though fully set forth herein.

54. Defendants have willfully failed to supply Plaintiff with a wage notice, as required by NYLL, Article 6, § 195(1), in English, or in the language identified by Plaintiff as their primary language, containing Plaintiff's rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the regular pay day designated by the employer in accordance with NYLL, Article 6, § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner has deemed material and necessary.

55. Through their knowing or intentional failure to provide Plaintiffs with the

wage notices required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 *et seq.*, and the supporting New York State Department of Labor Regulations.

56. Due to Defendants' violation of NYLL § 195(1), Plaintiff is entitled to recover from defendants liquidated damages $5,000, plus reasonable attorney's fees, and costs and disbursements of the action, pursuant to the NYLL § 198(1-d).

### FOURTH CAUSE OF ACTION
### (NYLL – Failure to Provide Wage Statements)

57. Plaintiff realleges, and incorporates by reference, all previous allegations as though fully set forth herein.

58. Defendants have willfully failed to supply Plaintiff with an accurate statement of wages as required by NYLL, Article 6, § 195(3), containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

59. Through their knowing or intentional failure to provide Plaintiff with the accurate wage statements required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 *et seq.*, and the supporting New York State Department of Labor Regulations.

60. Due to Defendants' violation of NYLL § 195(3), Plaintiff is entitled to recover from the Defendants liquidated damages of $5,000, plus reasonable attorney's fees, and costs and disbursements of the action, pursuant to the NYLL § 198(1-d).

### FIFTH CAUSE OF ACTION
### (Withholding of Wages under NYLL § 193)

61. Plaintiff realleges, and incorporates by reference, all previous allegations as though fully set forth herein.

62. Pursuant to § 193 of the New York Labor Law, Defendants cannot unlawfully withhold wages from Plaintiff.

63. Defendants agreed to pay Plaintiff $20.22 per hour, but then unlawfully withheld pay by not paying Plaintiff for all hours worked, although Plaintiff duly submitted her timesheets.

64. Defendants are liable to pay Plaintiff wages owed, plus liquidated damages for all earned, but unpaid, wages under § 193 of the New York Labor Law.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter a judgment:

a. Declaring that defendants have violated the overtime pay provisions of the FLSA, and supporting United States Department of Labor Regulations;

b. Declaring that defendants have violated overtime provisions, and spread of hour provisions of the NYLL, and supporting regulations;

c. Declaring that defendants' violations of the FLSA were willful;

    d.       Declaring that defendants' violations of the NYLL were willful;

    e.       Awarding Plaintiff damages for all unpaid wages;

    f.       Awarding Plaintiff liquidated damages in an amount equal to the total amount of the wages found to be due, pursuant to the FLSA and the NYLL;

    g.       Awarding damages of $5,000, plus reasonable attorney's fees, and costs and disbursements of the action, as provided for by NYLL, Article 6 § 198;

    h.       Awarding Plaintiff liquidated damages of $5,000, plus reasonable attorney's fees, and costs and disbursements of the action, as provided for by NYLL, Article 6 § 198;

    i.       Awarding Plaintiff damages and liquidated damages for all earned, but unpaid, wages pursuant to §193 of the New York Labor Law;

    j.       Issuing a declaratory judgment that the practices complained of in this Complaint are unlawful under the NYLL, Article 6, §§ 190 *et seq.*, NYLL, Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations;

    k.       Awarding Plaintiff pre-judgment and post-judgment interest under the FLSA and the NYLL;

    l.       Granting an injunction requiring defendants to pay all statutorily required wages and cease the unlawful activity described herein pursuant to the NYLL;

    m.       Awarding Plaintiff reasonable attorneys fees and costs pursuant to the FLSA, 42 U.S.C. § 1988, and the NYLL;

    n.       Awarding such other and further relief as the Court deems just and

proper.

Dated: Mineola, NY
November 10, 2024

                                          RAYMOND NARDO, P.C.

                                          By: RAYMOND NARDO, ESQ.
                                          129 Third St
                                          Mineola, NY 11501
                                          (516) 248-2121
                                          Nardo@Raynardo.com
                                          *Counsel for Plaintiff*